IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES R. BUNTENBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 C 4829 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| THE LITTELFUSE RETIREMENT | ) | |
| PLAN, THE RETIREMENT | ) | |
| COMMITTEE, and LITTELFUSE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Charles Buntenbach filed a complaint against the Littelfuse Retirement Plan ("the Plan"), the Retirement Committee, and Littelfuse, Inc. ("Littelfuse") (collectively, "defendants"), seeking review of the Retirement Committee's denial of his right to certain benefits under the Littelfuse Retirement Plan established under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.[1]  Count I seeks a determination of Buntenbach's right to future benefits, while Count II is a claim for equitable estoppel.  Before the court is Buntenbach's motion for judgment on the pleadings with respect to Count I of the complaint. For the following reasons, the motion [#16] is denied.

## BACKGROUND

Buntenbach began work at Littelfuse on February 1, 1972.  In 1976, he became a participant in the Plan.  The Plan is a qualified employee pension benefit plan under ERISA, with the Retirement Committee as its administrator.  In 1992, the Plan was amended and restated to include, among other things, a temporary supplemental monthly retirement income for certain

---

[1] The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

early retirees from Littelfuse. Specifically, section 2.2(D) reads:

> <u>Temporary Supplemental Monthly Retirement Income</u>. A Participant who retires from the service of the Employer under the provisions of this Section 2.2 prior to his Normal Retirement Date and on or after both January 1, 1993 and the date as of which he has both attained the age of 62 years and completed 10 years of Vesting Service shall be entitled, in addition to the monthly retirement income described above in this Section 2.2, to a temporary supplemental monthly retirement income, in the amount determined under Subsection (1) below, that is payable in the manner described in Subsection (4) below.

Compl. ¶ 17. The 1995 Summary Plan Description describes the temporary supplemental retirement benefit as applying "[i]f [a participant] retire[s] after attaining age 62, but prior to attaining age 65, *and* after completing 10 or more years of service with Littelfuse." *Id.* ¶ 21. The Plan was subsequently amended in 1997 and 2008, but no change was made to the language of section 2.2(D). In March 2009, section 2.2(D) was amended to read:

> A Participant who, as of April 1, 2009, had attained age 62 and completed 10 years of Vesting Service <u>and</u> who retires from the service of the Employer under the provisions of this Section 2.2 prior to his Normal Retirement Date and on or after both January 1, 1993 and the date as of which he has both attained the age of 62 years and completed 10 years of Vesting Service shall be entitled, in addition to the monthly retirement income described above in this Section 2.2, to a temporary supplemental monthly retirement income, in the amount determined under Subsection (1) below, that is payable in the manner described in Subsection (4) below.

Ex. 9 to Compl.

As a result of a reduction in force in Littelfuse's United States manufacturing plants, Littelfuse terminated Buntenbach on December 1, 2008. At that time, Buntenbach was fifty-seven years old and had more than ten years of vested service. On November 29, 2009, Buntenbach formally asserted his rights to the future benefit provided by section 2.2(D) of the Plan. The Retirement Committee denied Buntenbach's claim on February 16, 2010. Buntenbach appealed this denial on March 11, 2010, and the appeal was denied by the

Retirement Committee on May 10, 2010. In its May 10, 2010 letter, the Retirement Committee stated that its decision rested on the fact that Buntenbach "did not reach age 62 before separating from service with Littelfuse, Inc. and is thereby not entitled to receive the temporary supplemental monthly retirement income benefit under the terms of the Plan." Ex. 10 to Compl. Relying on section 2.2(D) of the Plan, as in effect at the time of Buntenbach's termination, the Retirement Committee explained that "the participant *must have reached age 62 at the time of his/her separation from service from Littelfuse to qualify*" for the benefit. *Id.*

## LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *N. Ind. Gun & Outdoor Shows, Inc.* v. *City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In considering a Rule 12(c) motion, the court considers the complaint, the answer, and any written instruments attached as exhibits. *Id.* at 452–53. The court must accept all well-pleaded allegations in the complaint as true and must draw all reasonable inferences in the non-movant's favor. *United States* v. *Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). A grant of judgment on the pleadings is appropriate where "it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Id.*

## ANALYSIS

The denial of benefits in an ERISA case is reviewed *de novo* unless the plan provides the plan administrator with discretion to construe the plan's terms, in which case an arbitrary and capricious standard applies. *Wetzler* v. *Ill. CPA Soc'y & Found. Ret. Income Plan*, 586 F.3d 1053, 1057 (7th Cir. 2009). The parties do not dispute that the Plan provides the Retirement

3

Committee, as the Plan administrator, with discretion to interpret the Plan terms, thus making the arbitrary and capricious standard applicable to the court's review of the denial of Buntenbach's benefits claim.[2] Under an arbitrary and capricious standard, "an administrator's interpretation is given great deference and will not be disturbed if it is based on a reasonable interpretation of the plan's language." *Id.* The court's review of whether a provision of the Plan violates ERISA, however, is *de novo*. *Id.*

## I. Construction of Section 2.2(D)

Buntenbach challenges the Retirement Committee's interpretation of section 2.2(D), arguing that a Plan participant need not be at least sixty-two years old at the time of separation from Littelfuse to receive the benefit but only need reach this age when making a claim for it. The language of section 2.2(D), however, clearly supports the Retirement Committee's reading and not Buntenbach's. Section 2.2(D) entitles Plan participants to a temporary supplemental monthly retirement income if they separate from Littelfuse (1) prior to their normal retirement date, (2) on or after January 1, 1993, (3) after age sixty-two, and (4) with at least ten years of vested service. Following standard principles of construction, the requirement of attaining the age of sixty-two relates to the time of separation from Littelfuse, not the time of making a claim for the benefit. *See Carnes* v. *Devon Energy Corp.*, No. 2:07-cv-00523, 2008 WL 2787717, at *7 (S.D. W. Va. July 16, 2008) ("Simply attaining the early retirement age after employment ends is not sufficient and would render anyone who worked for the required number of years

---

[2] In his reply, Buntenbach alludes to the fact that the Retirement Committee was operating under a conflict of interest. The existence of a conflict of interest on the part of a plan administrator vested with discretion may be considered as one factor in determining whether the challenged decision was arbitrary and capricious. *Firestone Tire & Rubber Co.* v. *Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989). Buntenbach, however, has not sufficiently explained what conflict of interest may be present in this case.

4

eligible for an early retirement pension upon reaching age 55, regardless of the fact they were not employees at that time."). This conclusion is also reflected in the summary plan description that Buntenbach erroneously relies on: "If you retire *after* attaining age 62, but prior to attaining age 65, *and* after completing 10 or more years of service with Littelfuse, you will receive a temporary supplemental retirement benefit." Compl. ¶ 21 (first emphasis added). Because Buntenbach separated from Littelfuse at age fifty-seven, the Retirement Committee's determination that he is not eligible for the benefit conferred by section 2.2(D) when he reaches age sixty-two is not arbitrary and capricious and this will not be disturbed unless it is found to violate ERISA.

## II.     ERISA's Anti-Cutback Provision, 29 U.S.C. § 1054(g)

Buntenbach argues that the 2009 amendment to section 2.2(D) violates ERISA's anti-cutback provision, 29 U.S.C. § 1054(g), and that the Retirement Committee's reliance on the amendment was thus erroneous. The anti-cutback provision states that "the accrued benefit of a participant under a plan may not be decreased by an amendment of the plan" and that the elimination or reduction of an early retirement benefit or retirement-type subsidy is treated as a reduction of accrued benefits. 29 U.S.C. § 1054(g)(1)–(2). The parties dispute whether the 2009 amendment changed the requirements for receiving the section 2.2(D) benefit and whether the benefit is covered by the anti-cutback provision. The court need not decide these issues, however, as the 2009 amendment has no effect on Buntenbach's entitlement to the benefit. As an initial matter, while the 2009 amendment was mentioned in the Retirement Committee's February 16, 2010 letter, the Retirement Committee did not rely on the amendment or even mention it as a basis for its final denial of Buntenbach's claim on May 10, 2010. As Buntenbach

was not entitled to the section 2.2(D) benefit prior to the 2009 amendment, as discussed above, any discussion regarding whether the 2009 amendment violates the anti-cutback rule would be hypothetical.

**III.    29 U.S.C. § 1056(a)**

Buntenbach's last argument is that the Retirement Committee's decision violates 29 U.S.C. § 1056(a). This section reads in relevant part:

> In the case of a plan which provides for the payment of an early retirement benefit, such plan shall provide that a participant who satisfied the service requirements for such early retirement benefit, but separated from the service (with any nonforfeitable right to an accrued benefit) before satisfying the age requirement for such early retirement benefit, is entitled upon satisfaction of such age requirement to receive a benefit not less than the benefit to which he would be entitled at the normal retirement age, actuarially reduced under regulations prescribed by the Secretary of the Treasury.

29 U.S.C. § 1056(a). By its terms, this section only applies to early retirement benefits that are both nonforfeitable and accrued. Early retirement benefits are ones that "become available upon retirement at or after a specified age which is below the normal retirement age, and/or upon completion of a specified period of service." *Call* v. *Ameritech Mgmt. Pension Plan*, 475 F.3d 816, 820–21 (7th Cir. 2007) (quoting *Ross* v. *Pension Plan for Hourly Emps. of SKF Indus., Inc.*, 847 F.2d 329, 333 (6th Cir. 1988)). They are generally calculated by actuarially reducing employees' normal retirement benefits to reflect commencement at an earlier date. *Arena* v. *ABB Power T&D Co., Inc.*, No. IP 99-0391-C-M/S, 2004 WL 826389, at *8 (S.D. Ind. Mar. 4, 2004). A nonforfeitable benefit is one "which arises from the participant's service, which is unconditional, and which is legally enforceable against the plan." 29 U.S.C. § 1002(19). ERISA defines an accrued benefit as that determined under the plan and "expressed in the form of an annual benefit commencing at normal retirement age." *Id.* § 1002(23)(A).

6

The Plan provides both an early retirement benefit and a temporary supplemental monthly retirement income (the benefit provided by section 2.2(D)) to employees who fulfill certain age and service conditions and separate from Littelfuse prior to their normal retirement date. Those employees who separate from Littelfuse at or after the age of fifty-five but before their normal retirement date and have completed ten years of vesting service are entitled to an early retirement benefit. The early retirement benefit is equal to an employee's accrued benefit actuarially reduced by a factor specified in the Plan that is dependent on the employee's age at separation. For those leaving Littelfuse who are sixty-two years old or older, the accrued benefit is unreduced. Employees electing early retirement receive the early retirement benefit amount through the date of their death. The section 2.2(D) benefit is presented as a temporary supplemental monthly retirement income and is provided to those who separate from Littelfuse on or after the age of sixty-two until they reach their normal retirement date. The amount received is not dependent on an employee's accrued benefit or age at the time of separation, as the early retirement benefit is. Instead, the section 2.2(D) benefit is a fixed amount, consisting of $350 plus a cost of living adjustment each year, not to exceed the lesser of $600 or the monthly Social Security benefit in effect the January 1st prior to the employee's separation from Littelfuse.

While the early retirement benefit provided by the Plan clearly falls within the terms of § 1056(a), the section 2.2(D) benefit Buntenbach seeks does not. It is not an accrued benefit that is actuarially reduced to reflect the fact that an employee is separating from Littelfuse prior to his or her normal retirement date. Instead, it acts essentially as a social security supplement to "bridge the gap between an employee's age upon early retirement and the employee's age when

he will be eligible for social security payments." *Arena*, 2004 WL 826389, at *9. The section 2.2(D) benefit begins and ends before an employee would be entitled to social security benefits and is capped at the amount to which an employee would receive as social security. These are the defining characteristics of a social security supplement for purposes of ERISA's anti-cutback provision. *See* 26 U.S.C. § 411(a)(9); 26 C.F.R. § 1.411(a)-7(c)(4)(ii) (defining social security supplement for purposes of the anti-cutback rule as a benefit for plan participants that "[c]ommences before the age and terminates before the age when participants are entitled to old-age insurance benefits, unreduced on account of age, under title II of the Social Security Act" and "does not exceed such old-age insurance benefit"); *Cent. Laborers' Pension Fund* v. *Heinz*, 541 U.S. 739, 747, 124 S. Ct. 2230, 159 L. Ed. 2d 46 (2004) ("Although the pertinent regulations refer only to the Internal Revenue Code version of the anti-cutback rule, they apply with equal force to ERISA § 204(g)."). This definition, and the attendant exclusion of social security supplements from the definition of early retirement benefits, 26 C.F.R. 1.411(a)-7(c)(4)(ii), presumably carries over to § 1056(a) as well. Because the section 2.2(D) benefit is not protected by § 1056(a), Buntenbach is not entitled to receive it when he turns sixty-two and the Retirement Committee's denial of his claim was not erroneous. Judgment will be entered on Count I for defendants.[3]

**CONCLUSION AND ORDER**

---

[3] Because the court concludes that defendants are entitled to judgment on Count I, their affirmative defenses related to this count need not be addressed.

For the foregoing reasons, Buntenbach's motion for judgment on the pleadings as to Count I [#16] is denied. Judgment is entered in defendants' favor on Count I. This case will be called for a status hearing on March 24, 2011. The parties should be prepared to report on their plans for the disposition of Count II of the complaint.

Dated: March 9, 2011             Enter: _____
                                         JOAN HUMPHREY LEFKOW
                                         United States District Judge